IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES CHUBB,

         Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:15-cv-03095
CRIM. NO. 2:92-CR-00009(1)
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant *Motion to Vacate under 28* U.S.C. § *2255*. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner asserts that, based on the denial of the effective assistance of counsel, and in view of the United States Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2251 (2015), he was improperly sentenced as a career offender. However, this is not Petitioner's first federal habeas corpus petition. This appears to be the fourth motion under 28 U.S.C. § 2255 Petitioner has filed in this Court. *See Chubb v. United States*, Case No. 2:95-cv-1204 (S.D. Ohio, Eastern Division, July 1, 1996); *Chubb v. United States*, Case No. 2:06-cv-0016 (S.D. Ohio, Eastern Division, March 7, 2006); see Docs. 44, 46.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Where a district court determines that a motion to vacate constitutes a successive motion, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court lacks jurisdiction to entertain the motion to vacate unless the court of appeals has authorized the filing. Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Because petitioner filed an earlier motion to vacate, the *Motion to Vacate under 28 U.S.C. 2255* presently before the Court constitutes a second or successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 85.)

The Court of Appeals will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2

28 U.S.C. § 2255(h).

Under these circumstances, it is **RECOMMENDED** that petitioner's *Motion to Vacate under 28 U.S.C. § 2255*, Doc. 85, be transferred to the United States Court of Appeals for the Sixth Circuit.

### Procedure on Objections

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.,* 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)

("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal....") (citation omitted).

/s/ Terence P. Kemp
United States Magistrate Judge

4