# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**CHARLES CHUBB,**

          **Petitioner,**                                     **CASE NO. 2:15-CV-3095**
                                                      **CRIM. NO. 2:92-CR-009(1)**
   **v.**                                               **JUDGE GEORGE C. SMITH**
                                                      **MAGISTRATE JUDGE KEMP**

**UNITED STATES OF AMERICA,**

          **Respondent.**

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a *Motion to Vacate under 28 U.S.C. § 2255.* (Doc. 85). Petitioner asserts that he was improperly sentenced as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines. As support for his claim, he argues that the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), which held that "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, implied that similar, if not identical, language which appears in in those sections of the Sentencing Guidelines is also unconstitutionally vague, and that he should be resentenced without regard to those portions of the Guidelines.

Petitioner had previously moved for relief under §2255 on other grounds and on multiple occasions, so this Court, in response to his motion, transferred it to the United States Court of Appeals for a determination of whether Petitioner would be allowed to file a successive motion to vacate. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). On November 16, 2016, the United States Court of Appeals for the Sixth Circuit granted Petitioner's motion for authorization for the filing of this successive § 2255 action. However, in the same order, it instructed the Court to hold proceedings in abeyance pending a decision in *Beckles v. United States*, 136 S.Ct. 2510

(2016)(granting the petition for a writ *of certiorari*), which raised the issue of whether *Johnson* invalidates the career offender provisions of the United States Sentencing Guidelines – the same issue raised in Petitioner's motion to vacate.  (Doc. 90).

On March 6, 2017, the United States Supreme Court held that the  United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.  *Beckles v. United States*, 580 U.S. –, 2017 WL 855781 (2017).  The Supreme Court reasoned that "[u]nlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."  *Beckles*, 580 U.S. -, -, 2017 WL 855781, *6.

Based on the Supreme Court's *Beckles* decision, it now appears to the Court that "the moving party is not entitled to relief."  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.    Under these circumstances, Rule 4(b) states that "the judge must dismiss the motion …."  Consequently, for the reasons stated in this Opinion and Order, the motion to vacate is **DENIED**.

**IT IS SO ORDERED.**

 *s/ George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**