# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHARLES CHUBB,**

    **Petitioner,**

                                 **CASE NO. 2:15-CV-3095**
                                 **CRIM. NO. 2:92-CR-009(1)**
    **v.**                                 **JUDGE GEORGE C. SMITH**
                                 **MAGISTRATE JUDGE KEMP**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

On March 17, 2017, the Court issued an *Opinion and Order* dismissing the instant *Motion to Vacate under 28 U.S.C. § 2255*. (Doc. 91). Petitioner has filed a Notice of appeal (Doc. 92), which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability is **GRANTED.**

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Petitioner asserts that he was improperly sentenced as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing in view of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)(declaring the "residual clause" of 18 U.S.C. 924(e)(2)(B)(ii) of the Armed Career Criminal Act to be unconstitutionally vague). The Court dismissed this claim on the merits, as the Supreme Court recently held, in *Beckles v. United States*, 580 U.S. --, 2017 WL 855781 (2017), that the advisory United States Sentencing Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range" and "[a]ccordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id*. at *6. The Supreme Court held that "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id*.

However, Petitioner was convicted in 1992, and sentenced long before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005)(holding that the United States Sentencing Guidelines were henceforth to be considered as advisory guidelines), when the provisions of the sentencing guidelines were considered to be mandatory, and not merely advisory in nature. *See United States v. Moye*, 170 Fed.Appx. 958, 959 (6th Cir. 2006). Therefore, the Court concludes that reasonable jurists could debate whether Petitioner's claim should have been resolved differently. Petitioner's request for a certificate of appealability is **GRANTED**.

The Court certifies the following issue for appeal:

> Does Petitioner's sentence as a career offender constitutionally invalid in view of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)?

**IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**